In the Matter of the Estate of CHARLES FREDERICK WILLIAM NELSON, Deceased, Also Known as C. F. W. NELSON and CHARLES NELSON.

Surrogate's Court, Bronx County, February 20, 1933.

*Schulz & Williamson*, for the public administrator.

*Bartholomew B. Coyne*, for the Consul General of Denmark.

HENDERSON, S. The question of construction arising in this proceeding for the judicial settlement of the account of the administrator c. t. a. is whether or not one of the paragraphs of decedent's will disposes of the residuary estate.

The will was evidently not prepared by a counselor at law and was executed one week before the testator's death. Although it names no executor and the paragraph in question is not drawn with that certainty of language which would create no doubt as to

its intent, the testator was meticulous in the care with which he expressed each little gift including that of his clothing to the Salvation Army, and with which he set forth the places where the nine other beneficiaries could be found. His only next of kin are two brothers who are not mentioned in the will.

The next of kin urge the applicability of the canon of construction that an interpretation which favors them is preferred to one under which strangers would take, because there is no evidence of unfriendly relations between the testator and his brothers, and hence there is a presumption that the testator intended that they, rather than strangers to his blood, should take any property which was not clearly given to others in his will.

There is another canon, however, which I think is controlling herein by reason of the testator's care, above noted, in the distribution of his small estate. Where the language employed by the testator remains ambiguous after consideration of admissible extraneous evidence and may be construed as expressing either of two lawful testamentary intents, that construction which results in a disposition of the entire estate is preferred over one which permits a partial intestacy, because of the presumption that a testator discloses, by the mere making of a will, his intention to thereby dispose of all of his property unless a contrary intent is clearly demonstrated by the language he employs in the will itself. The fact that a gift of the residuary estate precedes other dispositions in the will has no effect other than to reduce the residue accordingly.

I, therefore, hold that the testator intended to and did bequeath the residue of his estate to Kenneth M. Muir and Minnie K. Muir in equal parts as tenants in common.

Allowances to the attorneys who submitted briefs.

Settle decision and decree.